Margaret M. J. Mangan, J.
The questions before me for determination by order of January 8, 1963, are: (1) whether there was an entry of an order as required by section 1448 .of the Civil Practice Act permitting the infant respondent to commence an arbitration proceeding, (2) whether the infant respondent is an insured and (3) whether the allegedly responsible motorist was uninsured.
As to (1), the order as required by section 1448 was procured from the Supreme Court, County of Suffolk, New York, - under order thereof dated October 15, 1962. The “ infant ” -is now of age. As to (2), the evidence show's that the respondent was operating under a junior license, at the time of the accident, and was driving alone in the car owned by his sister, the policy named insured with whom he resided. At the scene of the accident the police gave him a summons for violating the Vehicle and Traffic Law, which prohibits the holder of a junior operator’s license from operating a motor vehicle during the hours of darkness, unless accompanied by a licensed operator over the age of 18. There was no revocation or suspension of his license. The respondent asserts he was not driving during the hours of darkness and that it was twilight at the time of the accident. When confronted with his accident report stating that the accident occurred on February 27,1959, at 7:52 p.m., he testified, he told his mother “ twilight ” and she made out the report. The police were not called as witnesses. In view' of the fact that his operator’s license was not revoked or suspended after a hearing and his unequivocal testimony that it was twilight when the accident happened, I find and decide that the respondent was not driving a motor vehicle in violation of law' and since he resided in the same household of the named insured under the policy he is an insured entitled to arbitration. As to (3), the respondent’s claims that “ the other ” driver was uninsured as a result of a disclaimer issued by his insurance company on the ground of failure to co-operate. The evidence shows that at the time of the accident, Thomas Gibbons, the ‘‘other driver ”, urns insured by Consolidated Mutual Insurance - Co.; it show's further that the first report of the accident was given *337 to Consolidated by an insurance broker on July 15, 1959; and thereupon Consolidated interviewed Thomas Gibbons and on July 23 procured a statement from him; thereafter and on July 28 Thomas Gibbons completed his accident report. Under letter of August 12, 1959, Consolidated advised Thomas Gibbons that it had completed its investigation and since the first notice of the accident was given on July 15, 1959, and the accident happened on February 27, 1959, it considered such notice dilatory and prejudicial, and reserved its right to consider its contract breached and to refuse payment of any and all sums under its policy. In 1960 Consolidated prevailed upon the previous attorney for the respondent to withdraw the service of a summons and complaint in an action then instituted by the respondent against Thomas Gibbons on the ground that the service of the summons and complaint was not good. Thereafter, another attempt was made by the respondent to serve Thomas Gibbons, and Consolidated tried without success to settle the matter. It however advised the respondent’s attorney at that time that it could not appear for Thomas Gibbons without authorization from him to do so. On June 15, 1961, Consolidated wrote Thomas Gibbons stating that they were informed a summons and complaint was served upon him through the Secretary of State and registered mail, and they neither received such summons and complaint nor had any request been received from him to appear and defend the action, and advised him that unless he communicated immediately with them 1 ‘ we may consider your conduct a breach of the policy of insurance and refuse to defend you in the action or be responsible for any damage that may be awarded ’ ’. Thomas Gibbons never replied or communicated with Consolidated. Service of this summons and complaint was ineffectual and thereafter in September, 1961, an order for substituted service was procured. Consolidated again tried through registered mail and diligent investigation to locate the whereabouts of Thomas Gibbons, but without success. Finally, on December 4,1961, Consolidated advised Thomas Gibbons because of his lack of co-operation that it considered the terms of its policy breached.
I find and decide that there were reasonable grounds for a disclaimer and that the allegedly responsible motorist Avas uninsured.